# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MITCHELL GENTRY,<br><br>        Petitioner,<br><br>vs.<br><br>DEPUTY WARDEN WHITE, et. al.,<br><br>        Respondents. | No. CV 06-2040-PHX-PGR (CRP)<br><br>REPORT AND<br>RECOMMENDATION |

Mitchell Gentry ("Petitioner"), presently an inmate at the Arizona State Prison Complex - Lewis in Buckeye, filed a Petition for Writ of Habeas Corpus ("Habeas Petition") on August 24, 2006. (Doc 1). Petitioner presents two claims in his Habeas Petition. He argues: (1) the trial court violated his Fifth Amendment right to confront witnesses against him when it used facts not presented to the jury to increase his sentence above the presumptive; and (2) the trial court violated his Sixth Amendment right to a jury trial when it denied his request for a jury. (Doc 1). Petitioner supports his claims by arguing that *Blakely v. Washington* applies and entitles him to a jury determination of his sentence. 542 U.S. 296 (2004). Respondents oppose the Habeas Petition, arguing Petitioner's claims are time-barred and procedurally defaulted. Respondents also contend Petitioner's claims fail because *Blakely* does not apply retroactively, and Petitioner's judgments and sentences were final before *Blakely* was issued.

It is the Report and Recommendation of this Court that the District Judge, after his independent review and analysis, order the Habeas Petition denied because it is untimely and *Blakely* does not apply retroactively to this case.

## I. Factual and Procedural History

### A. Direct Review

The State of Arizona charged Petitioner with one count of first-degree murder for the stabbing of his girlfriend on August 12, 1995. (Doc 12, Exhibit A & B, R.O.A., Items 1, 27). Petitioner plead guilty to second-degree murder for that incident. (Doc 12, Exhibits C & D, R.O.A., Items 22-23). On June 21, 1996, the trial court sentenced Petitioner to an aggravated, 20-year term of imprisonment, with credit for 312 days of presentence incarceration. (Doc 12, Exhibit E, R.O.A., Item 29). Under Arizona law, Petitioner waived his right to direct appeal by pleading guilty. However, Petitioner was entitled to an of-right appeal under Rule 32. Ariz.R.Crim.P. 32.1, 32.4. Petitioner had ninety days to file this appeal. *See id.* Petitioner never filed an of-right Rule 32 appeal and his time for filing one expired on September 21, 1996. (Doc 12, Exhibit F, R.O.A. Item 31). Thus, Petitioner's direct review ended on September 21, 1996, the day his right to file the of-right appeal ended. (Doc 12, Exhibit F, R.O.A., Item 31).

### B. Collateral Review

After the United States Supreme Court issued its decision in *Blakely v. Washington*, Petitioner filed a Rule 32 state PCR Appeal. (Doc 12, Exhibit F, R.O.A., Item 31). In his appeal, Petitioner challenged the imposition of his aggravated sentence by the trial court arguing it violated *Blakely*. (Doc 12, Exhibit F, R.O.A., Item 31). On August 5, 2004, the trial court dismissed the appeal, finding that it was untimely and not within any exception for untimeliness because *Blakely* could not be applied retroactively to Petitioner's case. (Doc 12, Exhibit G, R.O.A., Item 32). On September 2, 2004, Petitioner requested review from the Arizona Court of Appeals, which it denied on July 14, 2005. (Doc 12, Exhibits H & I). On August 17, 2005, Petitioner filed a petition for review with the Arizona Supreme Court, which denied review on December 29, 2005. (Doc 12, Exhibits J & K). Petitioner had ninety days after the denial by the Arizona Supreme Court to appeal to the United States Supreme Court. Ariz.R.Crim.P. 32.4. Petitioner, however, never filed such an appeal. Petitioner's collateral review, therefore,

- 2 -

ended on March 29, 2006, the day his right to file an appeal to the United States Supreme Court expired.

## C.  Federal Appeal

Petitioner filed the pending Habeas Petition with this Court on August 24, 2006. (Doc  12).

## II.  Discussion

### A.  Timeliness

#### 1.  Positions of the Parties

Respondents argue Petitioner's claims are untimely.  Specifically, Respondents contend the AEDPA's statute of limitations began to run and then expired prior to Petitioner filing his application for state post-conviction relief.  Petitioner fails to address the issue of timeliness in his reply to Respondent's response.

#### 2.  Habeas Petition Statute of Limitations

The Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations for state prisoners filing federal habeas petitions.  28 U.S.C. § 2244(d)(1).  The statute of limitations begins to run from the latest of: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).

Of these four possible triggering dates for the AEDPA's statute of limitations, only the first is relevant to the present action.  Petitioner does not allege that he was unconstitutionally impeded from timely filing the present Habeas Petition or that the

statute of limitations should run from the date on which the factual predicate of his claims could have been reasonably discovered through exercising due diligence.  Petitioner does, however, allege that *Blakely* is a newly recognized constitutional right that applies retroactively to his case on collateral review.  Because *Blakely* is not retroactive, Petitioner cannot successfully claim that the statute of limitations begins running from the date of the decision in *Blakely*.

In this case, Petitioner pled guilty to second-degree murder.  By pleading guilty, Petitioner waived his right to a conventional direct appeal under Arizona law.  He retained, however, the right to seek review through an of-right appeal under Arizona Rule of Criminal Procedure 32.  Ariz.R.Crim.P. 32.1, 32.4.  According to the Ninth Circuit, an of-right appeal is part of a direct review for purposes of determining the trigger date for the AEDPA's statute of limitations.  *Summers v. Schriro*, 481 F.3d 710 (9th Cir.2007).  In *Summers*, the Ninth Circuit held "[b]ecause a Rule 32 of-right proceeding is a form of direct review, AEDPA's one-year statute of limitations does not begin to run until the conclusion of the Rule 32 of-right proceeding and review of that proceeding, or until the expiration of the time for seeking such proceeding or review."  *Summers*, 481 F.3d at 711.  Thus, the AEDPA's one-year statute of limitations did not begin to run for Petitioner until the expiration of his time for seeking review under an of-right Rule 32 appeal expired.

Rule 32 gave Petitioner ninety days from the date the trial court entered its judgment and sentence in which to file an of-right appeal.  Ariz. R. Crim. P. 32.4(a).  The trial court in Petitioner's case entered its judgment and sentence on June 21, 1996.  Thus, ninety days later on September 21, 1996 Petitioner's right to file an of-right appeal expired.  Ariz. R. Crim. P. 1.3.  The following day, September 22, 1996, the AEDPA's one-year statute of limitations was triggered.

Absent any statutory or equitable tolling periods, Petitioner's right to file a federal habeas petition expired on September 22, 1997.  *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir.2001) (calculating the one-year AEDPA statute of limitations using the "anniversary method" of Rule 6(a) of the Federal Rules of Civil Procedure).  Petitioner

1 did not file his Habeas Petition until July 29, 2004, years after the one-year statute of
2 limitations expired.  Petitioner does not argue and this Court does not find that he is
3 entitled to any equitable tolling.  The Habeas Petition is untimely unless statutory tolling
4 applies and results in a tolling of the limitations period for a sufficient length of time to
5 bring the Habeas Petition within the one-year limit.

### 3. Statutory Tolling

Under the AEDPA, the statute of limitations is tolled during the pending of properly filed state collateral review proceedings challenging either the pertinent judgment or pertinent claim asserted in the federal habeas petition.  28 U.S.C. § 2244 (d)(2).  Such a state collateral review proceeding will only toll the AEDPA's statute of limitations if time still remains in the one year limitations period.  "A properly and timely filed petition in state court only tolls the time remaining in the federal limitation period.  Thus, care must be taken to assure that sufficient time remains within the federal statutory period to file the federal petition." *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir.2001), *quoting Tinker v. Moore*, 255 F.3d 1331 (11th Cir.2001).  In *Jiminez*, the petitioner filed his state habeas petition after the AEDPA's statute of limitations expired.  Because no time remained in the one year limitations period, the state habeas did not toll the AEDPA's statute of limitations.  The expiration of the AEDPA's statute of limitations was an absolute time bar to refile his petition.  *Id.*  Therefore, if a state collateral appeal is filed after the federal AEDPA's limitations period has expired, there is no time remaining within the federal statutory period and the federal habeas petition must be dismissed as untimely.

In the case before this Court, the AEDPA's statute of limitations began to run on September 22, 1996, the day after his time to file an of-right appeal expired.  The limitations period continued to run for a full year until it expired on September 22, 1997.  Petitioner did not file his state collateral appeal until July 29, 2004, years after the statute of limitations period expired.  The period cannot be restarted once it has expired.  The Habeas Petition is untimely and should be denied.

### B. Merits of Petitioner's *Blakely* Claim

If the District Court, after its independent review and analysis, finds the Habeas Petition is timely, then it should be denied because both of Petitioner's claims implicate a *Blakely* argument, which is not retroactive and, therefore, cannot apply.

#### 1. Positions of the Parties

Petitioner argues that *Blakely* applies to his claims and entitles him to a "jury determination of any fact that increases the penalty for a crime beyond the prescribed statutory maximum." (Doc 12, Exhibit J). Respondents contend that *Blakely* does not apply retroactively and, therefore, is inapplicable to Petitioner's claims.

#### 2. Legal Standard for *Blakely* Issue

Prior to *Blakely*, the United States Supreme Court held any fact, other than a prior conviction, which increases the penalty for a crime beyond the legislatively-prescribed "statutory maximum" must be submitted to a jury and proved beyond a reasonable doubt. *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). After *Apprendi*, federal courts interpreted the decision to mean that a judge could not aggravate a sentence beyond the "statutory maximum" proscribed by the state legislature. Federal circuits unanimously believed that the statutory maximum was the greatest sentence by the statute of conviction, irrespective of what factfinding the court conducted to impose that sentence. *Allen v. Reed*, 427 F.3d 767, 775 (10th Cir.2005), *citing United States v. Price*, 400 F.3d 844, 847 (10th Cir.2005), *cert. denied*, 127 S.Ct. 1119 (2007).

Courts interpretation of *Apprendi* changed after *Blakely* was issued. In *Blakely*, the United States Supreme Court clarified that the term "statutory maximum," as used in *Apprendi* meant the presumptive sentence given the facts as found by the jury or admitted by the defendant. *See Blakely*, 542 U.S. at 303-304; *Allen v. Reed*, 427 F.3d 767, 772 (10th Cir.2005) ("In other words, [after *Blakely*] the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings."). Together, *Blakely* and *Apprendi* mean any additional facts that increase a Defendant's sentence must be

1  presented to a jury.

2  Significant to the case before this Court, however, *Blakely* and *Apprendi* are not
3  retroactive. Federal circuit courts have held that neither *Blakely* nor *Apprendi* applies
4  retroactively. *See United States v. Sanchez-Cervantes*, 282 F.3d 664, 671 (9th Cir. 2002),
5  *Cook v. United States*, 386 F.3d 949, 950 (9th Cir. 2004).

6  **c. Petitioner's *Blakely* Claim**

7  In the case pending before this Court, Petitioner's convictions became final before
8  the *Apprendi* decision was issued in 2000 and prior to the date the *Blakely* decision was
9  issued in June of 2004. Rule 32 gave Petitioner 90 days to file an of-right appeal, which
10 expired on September 21, 1996. Therefore, Petitioner's sentence became final on
11 September 21, 1996. Because *Blakely* and *Apprendi* are not retroactive, Petitioner's
12 claims based on these cases should be denied.

13 **III. Recommendation**

14 Based on the foregoing, the Magistrate Judge recommends that the District Court,
15 after its independent review and analysis, enter an order DISMISSING the Petition for
16 Writ of Habeas Corpus.

17 Pursuant to 28 U.S.C. § 636(b), any party may serve and file written objections
18 within ten days of being served with a copy of the Report and Recommendation. If
19 objections are not timely filed, they may be deemed waived. The parties are advised that
20 any objections filed are to be identified with the following case number: **CV-06-2040-**
21 **PHX-PGR**.

22 The Clerk is directed to mail a copy of the Report and Recommendation to
23 Petitioner and counsel for Respondents.

24 DATED this 22nd day of July, 2008.

25
26
27             **CHARLES R. PYLE**
28             UNITED STATES MAGISTRATE JUDGE